## Joseph Parker's Estate.

64　　　307
34 SC　119

1. Commissions to accountants are due at the time the services for which they are allowed, are performed.

2. A reasonable amount may be retained by an executor, &c., to pay expenses and other charges.

3. When an executor pays to those entitled, within a reasonable time after funds are received, he will not be charged with interest.

4. It is improper and unlawful for an executor to mix the funds of the estate with his own.

5. In this case, the executor was on that account charged with the costs of the appeal.

February 23d 1870. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Philadelphia:* No. 255, to January Term 1870.

Joseph Parker died in July 1853, having made a will of which he appointed Edward T. Parker, Joseph Parker and John M. Ogden the executors. The estate was managed chiefly by Edward T. Parker, who in all the proceedings has been treated as acting executor. The account of the executors was filed and referred to William D. Baker, Esq., as auditor. No commissions were credited in the account, but the accountant claimed commissions before the auditor.

The auditor reported: * * "By the terms of the will the executors are authorized to sell this real estate, but a discretion is allowed them as to when it shall be sold. An annuity of $600 is left to the widow, and $300 to Deborah Anna Parker, and is charged upon the real estate on Third street above Chestnut. The balance of the estate is given in the shape of money

[Parker's Estate.]

legacies, principally to testator's children. He left some debts, including a mortgage, which have all been paid by the executors. A small portion of the real estate has been sold, but the most valuable portion, consisting of a property on the east side of Third street above Chestnut, still remains unsold. This property has been retained, in the opinion of your auditor, greatly to the advantage of the estate. A considerable portion of the moneys embraced in this account is made up of the rents of this property. Nearly all the work of the estate has been performed by Edward T. Parker, one of the accountants. He has had the entire labor of managing the real estate referred to, and of collecting the rent. The work has been performed with ability, care and fidelity. * * He distributed the net rents annually among the heirs. He claims now to be allowed a commission of 5 per cent. for the rents so collected and disbursed, over and above any charge which the executors, as such, may be entitled to make.

" The auditor is of the opinion that the claim is a just one, and accordingly allows it.

" The account, as corrected, shows an amount on hand and disbursed by the accountant of $65,661.48. While this amount is considerable, it must be borne in mind that it covers a period of about fourteen years, and involved a great deal of labor, care and responsibility. The auditor has allowed the executors a commission of 5 per cent. upon the said sum of $65,661.48, amounting to $3283.05; and also to Edward T. Parker the further sum of $1941.60, being 5 per cent. upon the amount of rents collected and disbursed by him.

" A claim was made to surcharge the accountant with the sum of $603.52, being amount of interest alleged to have been received from the use of the funds of the estate, and not carried into the account." * * *

Part of the sum of $65,661.48 was proceeds of real estate.

The auditor found that from 1853 to 1862 Edward T. Parker deposited the funds of the estate in his private bank account. During that time he was in no business to use or risk the money, a bank credit was of no value to him. Sometimes the credit in his bank account did not equal the trust funds in his hands; at other times the estate was indebted to him for advances. During the first four years the money was appropriated as fast as received, to pay debts. After 1857 the estate was distributed annually amongst the heirs. The auditor reported that one witness stated that Mr. Parker loaned the money of the estate at 1½ per cent. per month for his own benefit, but he found that the proof was so vague and unsatisfactory as to be unreliable.

As to surcharge of interest the auditor reported: * * * " The parties asking to surcharge may possibly have been misled by the fact that the account, as filed, shows a larger balance, by several

[Parker's Estate.]

hundred dollars, than existed in point of fact. This arose from the circumstance that in the year 1855 the executors drew a small part of their commissions, which payment does not appear in their account. All the balance of their commissions has been left in the estate untouched, although fourteen years' services have been rendered. Had they been drawn as earned, the interest upon the commissions would have amounted to much more than the sum which is now demanded as a surcharge; and the small balances which from time to time appear in the account, in any view which can be taken of it, consist, in point of fact, of the earned but undrawn commissions of the accountants." * * *

The auditor then reported:—

"The balance in the hands of the accountant, as per account filed, is $2808.08. From which is to be deducted the error referred to of $153.69, leaving the actual balance of $2654.39.

"The auditor has allowed to

| | |
|---|---:|
| Edward Paxson, Esq. . . . . . . | $300.00 |
| To accountants for commissions . . . . | 3283.05 |
| To Edward T. Parker for collecting rents . . | 1941.60 |
| The expenses of the audit . . . . . | 223.62 |
| | $5748.27 |
| Balance due accountant . . . . | $3093.88" |

On exceptions to the report, the Orphans' Court ordered the commissions on the rents to be stricken out, the commissions on the real estate to be reduced, and some other corrections to be made, and recommitted the report to the auditor. He made another report in accordance with the directions of the court, and found a balance of $1396.39 due the accountant.

This report, after exceptions, was confirmed. William Parker and others interested under the will of Joseph Parker, appealed to the Supreme Court, and assigned for error—

1. Dismissing the appellants' exceptions and confirming the report of the auditor.

2. Allowing the accountant any commissions.

3. Not surcharging the accountant with interest.

*W. L. Dennis*, for appellants.—As to withholding commissions, cited Swartzwalter's Account, 4 Watts ·77; Say *v.* Barnes, 4 S. & R. 112; McCahan's Appeal, 7 Barr 59; Dyott's Estate, 2 W. & S. 557; Stehman's Appeal, 5 Barr 413; Smith's Appeal, 11 Wright 427; Fox *v.* Wilcocks, 1 Binn. 194; Harland's Account, 5 Rawle 323; Verner's Estate, 6 Watts 250; Graver's Appeal, 14 Wright 192; Light's Appeal, 12 Harris 180; Robinett's Appeal,

[Parker's Estate.]

12 Casey 174; Gable's Appeal, Id. 395; Wistar's Appeal, 4 P. F. Smith 60; Bruner's Appeal, 7 Id. 51.

*M. Arnold, Jr.*, and *F. C. Brewster*, Attorney-General, for appellee, admitted that there was a mistake in computation which would reduce the balance by $450.

The opinion of the court was delivered, March 3d 1870, by
SHARSWOOD, J.—The accountant was one of the executors of the last will and testament of his father, Joseph Parker, who died in 1853. We are not furnished by the paper-book with any copy of the will, but we infer that it contained a power to his executors to sell the real estate and divide the proceeds. The accountant, who was the only acting executor, took possession of the real estate, managed, rented and eventually disposed of it, and distributed the money. The account filed in the court below covered a period of nearly fourteen years. It jumbled together administration, collection of rents and distribution. But no exception was taken on that score, nor is the error assigned here. It is not incumbent upon us to unravel the account, and reject all that does not belong to administration, when the parties make no complaint. The only assignments of error requiring notice are two : that the accountant was allowed commissions and not surcharged with interest. The whole amount with which he charged himself during this period of fourteen years was $65,816.17, and the appellants, by a close calculation of the balances from time to time remaining in his hands, have arrived at the result that the interest on those balances amount to $195.28. Upon some evidence that he was loaning money at the rate of one and two per cent. a month, they ask that this sum should be trebled. The truth is very apparent that the amounts as received by the executor were paid over to those entitled without any unnecessary delay, as the auditor reported. It is on the ground of the alleged use of the money of the estate to this small amount, and from his having during a part of the time kept the funds mixed with his own in one bank account, that the appellants ask that he shall be visited with the forfeiture of his claim to commissions. But it is doubtful whether there was any use of the funds of the estate. For the interest as calculated by the appellants is upon the entire sum in his hands including commissions. This was wrong, as settled in Callaghan *v.* Hall, 1 S. & R. 241. "In justice," said Chief Justice Tilghman, "commissions are due at the time the services are performed for which they are allowed." Besides which a reasonable amount may be retained by an executor to pay expenses and other charges : Davis's Appeal, 11 Harris 206 ; and where he pays over funds as received, to those entitled within a reasonable time he will not be chargeable with interest : Lynn's Appeal, 7 Casey 44.

[Parker's Estate.]

It was improper and unlawful for the accountant to mix the funds of the estate to any extent with his own. However clear it may be that it was without any dishonest intention of making gain to himself, such a practice ought never to come before a court without being in some way marked with its disapprobation. The accountant has brought this litigation on the estate by this act, and he ought therefore to bear the costs of it. It is agreed that there is a mistake in the amount of the decree below which must be corrected.

> Decree reversed, and now it is ordered, adjudged and decreed, that there was due, December 29th 1869, from the estate of Joseph Parker, to Edward T. Parker, one of the executors, the sum of $946.30, and that the costs of this appeal be paid by Edward T. Parker, the appellee.